85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nicholas FEDERSPIEL; Edward L. Simon; Daniel Engel;
Donald Ernst; Jean Buschle; Jo Ann Kemmerer;
and Susan Greve; Plaintiffs-Appellants,
v.
OHIO REPUBLICAN PARTY STATE CENTRAL COMMITTEE; Hamilton
County Republican Party; John Smith; and Jane
Smith; Defendants-Appellees.
 No. 94-4317.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 Before: JONES, BOGGS, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Nicholas Federspiel, et al., collectively referred to as the "Platform Republicans," brought this § 1983 suit, based on the Fourteenth Amendment's incorporation of the First Amendment, against various subdivisions of the Ohio Republican Party. We affirm the district court's dismissal of the case under Fed.R.Civ.P. 12(b)(6) on the grounds that the various Ohio Republican Party defendants were not state actors.
 
 
 2
 The facts of this case were ably summarized by the district court in its published opinion. Federspiel v. Ohio Republican Party State Cent. Comm., 867 F.Supp. 617 (S.D.Ohio 1994). Moreover, it would be duplicative and serve no useful purpose to reiterate the excellent legal analysis developed by the court below. The district court's opinion was artfully drafted and should serve as an exemplar. We add a few points to the analysis provided in the lower court opinion largely stemming from updated citations presented to us by the appellants and address an important and topical Second Circuit case that was not available to the district court at the time it rendered its decision.
 
 
 3
 First, it was unclear whether the district court considered the Platform Republicans' amended complaint or only its original complaint. We note that we have fully considered the amended complaint. The modified allegations made therein do not alter our conclusion that the district court made the correct ruling in this case.
 
 
 4
 Second, the district court was correct to reject the Platform Republicans' argument that Ohio Rev.Code Ann § 3517.05 (Baldwin 1995) transformed into state action the Ohio Republican Party State Central Committee's selection of the Hamilton County Republican Party slate of officials over the Platform Republicans' slate of officials to serve on the Hamilton County Republican Central Committee. Some grants of power by states to private bodies do not give rise to state action when those private bodies exercise those grants of power. Consider, for example, corporation law, which grants limited liability status to individuals who bind themselves together in a nexus of contracts by using the corporate form. Cf. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 160 (1978), where the Supreme Court held that it would "intolerably broaden, beyond the scope of any of our previous cases, the notion of state action under the Fourteenth Amendment to hold that the mere existence of a body of property law in a State, whether decisional or statutory, itself amounted to 'state action' even though no state process or state officials were ever involved in enforcing that body of law." In Flagg Bros., the Supreme Court refused to convert a private party's use of a power under the Uniform Commercial Code as enacted in New York into state action. The use of a state-conferred power without enforcement by the state is what distinguishes Flagg Bros. from Shelley v. Kraemer, 334 U.S. 1 (1948), which holds that judicial enforcement of a racially restrictive covenant is state action.
 
 
 5
 Third, the Platform Republicans challenge the constitutionality of § 3517.05 under Eu v. San Francisco Democratic Party, 489 U.S. 214 (1989). Shortly before we heard oral argument in this case, the Platform Republicans also cited to us Roberts v. United States Jaycees, 468 U.S. 609, 623 (1984), presumably to buttress their argument from Eu. We decline to reach this question, whether it is based solely on Eu or on both Eu and Roberts, because the Platform Republicans lack the standing needed to raise it. Whether § 3517.05 is constitutional is irrelevant to whether the actions of the Ohio Republican Party Central Committee in this case were taken under color of state law. See Jackson v. Metropolitan Edison, 419 U.S. 345, 357 (1974) (footnote omitted) ("the exercise of a choice allowed by state law where the initiative comes from [the private party to whom the choice has been given] and not the State, does not make [that private party's] action in doing so 'state action' for the purposes of the Fourteenth Amendment"). Without § 3517.05, the Ohio Republican Party Central Committee in this case or whatever body chosen by the Ohio Republican Party generally would have the ability to choose those who would serve on a particular county-level central committee within the Party. Thus, under Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992), even assuming the Platform Republicans can show injury in fact, they cannot show that § 3517.05 is the cause of that injury and, more importantly, cannot show that a ruling by this court that § 3517.05 is unconstitutional under Eu would redress their alleged injuries. The proper plaintiff to challenge § 3517.05's constitutionality is the Ohio Republican Party itself.
 
 
 6
 Fourth, the Platform Republicans cite State ex rel. Hayes v. Jennings, 182 N.E.2d 546 (Ohio 1962), for the proposition that Ohio Rev.Code Ann § 305.02 (Baldwin 1995), which permits the Ohio Republican Party State Central Committee to fill vacancies in state offices in certain circumstances, makes this body a state actor for the purposes of this case. Hayes could at best be persuasive authority for this conclusion, however, as the determination of who is a state actor for both § 1983 and Fourteenth Amendment purposes is purely a federal question. Examining state law may be a predicate of this federal determination, but a state's legislature or courts could not merely annouce that a particular private organization is or is not a state actor and expect that determination to be binding on a federal court. Moreover, we have already rejected the argument that § 305.02 makes members of the Ohio Republican Party State Central Committee state actors for all purposes. Banchy v. Republican Party of Hamilton County, 898 F.2d 1192 (6th Cir.1990). If the Platform Republicans had been aggrieved by the Ohio Republican Party State Central Committee's use of its § 305.02 power in some fashion, they could challenge this exercise of power and a court would likely not hesitate to find state action for that purpose. The Ohio Republican Party State Central Committee's use of its § 305.02 power is not the source of the injuries the Platform Republicans claim, however. For instance, the Ohio Republican Party State Central Committee's decision not to certify the Platform Republicans as members of the Hamilton County Republican Central Committee is in no way fairly traceable to the ability of the Ohio Republican Party State Central Committee under state law to fill vacancies in public offices.
 
 
 7
 Fifth, the Platform Republicans cite Burson v. Freeman, 504 U.S. 191, 199-207 (1992), for its lengthy historical discussion of the gradual adoption of the Australian system of secret balloting and related reforms in the United States. In Burson, the Supreme Court upheld against a First Amendment challenge Tennessee statutes that prohibited the solicitation of votes and the displaying of campaign materials within 100 feet of the entrance to a polling place on an election day. Burson is utterly irrelevant to this case where the elections at issue are internal party elections and not public elections for state officials, however.
 
 
 8
 Finally, the Platform Republicans cite the case of Rockefeller v. Powers, 74 F.3d 1367 (2d Cir.1996), cert. denied, No. 95-1468, 1996 WL 122481 (May 13, 1996), wherein the Second Circuit held that a signature requirement scheme for access to a political party's presidential primary ballot was state action. This scheme required candidates for presidential convention delegates in the State of New York to collect the signatures of the lesser of 1250, or 5% of the enrolled Republican voters in their respective districts. Former Republican presidential candidate Steve Forbes was an intervenor in the case, bringing the case some national media attention during the early days of the Republican presidential primaries. John Marks, New York's Uncivil War: David versus D'Amato, U.S. News & World Rep., Mar. 11, 1996, at 30. In Rockefeller, the Second Circuit easily rejected a claim that the "5% or 1250" rule was not state action. Id. at 1374-76. Obviously, a state-run election, even if held to select political party officials, is state action. Becuse this is so, it must be the case that any requirements the state chooses to impose on candidates for such an election also constitutes state action.
 
 
 9
 In this case, however, we deal not with a state-run election, but rather with internal elections in various subdivisions of the Ohio Republican Party. Given that these internal elections could be held without any form of intervention by the state of Ohio, Rockefeller presents a wholly distinguishable situation from the one we face in this case. Rockefeller involved a direct challenge to the constitutionality of a particular state law. See id., 74 F.3d at 1375 n. 12 (distinguishing cases such as Democratic Party v. Wisconsin, 450 U.S. 107, 123-24 (1981), which involved internal party disputes). Here, the Platform Republicans are not really challenging the constitutionality of any particular law but rather the actions of a private organization occasionally regulated by state law and occasionally delegated state authority. To the extent the Platform Republicans confuse the already difficult state action analysis federal courts must perform in cases like this by challenging certain state laws that only peripherally relate to the conduct that formed the basis of the complaint in this case, we have already held they lack the standing to do so. See supra pp. 3-4.
 
 
 10
 The updated citations provided to us by the Platform Republicans do not support reversing the district court's excellent opinion in this case and so we AFFIRM the district court's order.